**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **CURTIS SPIVEY,** ) | |
|     Petitioner, ) | |
| ) | Criminal No. 1:01cr484 |
|     v. ) | |
| ) | Civil Action No. 1:06cv894 |
| **UNITED STATES OF AMERICA,** ) | |
|     Respondent. ) | |

**ORDER**

The matter is before the court on petitioner's *pro se* motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Oral argument is dispensed with because the facts and legal contentions are adequately set forth in the existing record and oral argument would not aid in the decisional process.[1]

**I.**

The trial record reflects that on November 3, 2000, petitioner Curtis Spivey engaged in a physical altercation with John Darrell, who was then a fellow prisoner at the Central Facility of Lorton Reformatory. In the course of the altercation, Spivey hit Darrell's upper chest and back with a pointed object that was approximately five or six inches long. Dr. Konrad Jarrett described the injury to Darrell's upper chest as "just a scratch" and the injury to Darrell's upper back as "a puncture wound." Trial Transcript, p. 164. According to Dr. Jarrett, Darrell's injuries were consistent with having been inflicted by either an ice pick or an ink pen. *Id.* at 165-66. Dr. Jarrett further opined that had the puncture wound to Darrell's back penetrated far enough into Darrell's

---

[1] *See United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required...on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

chest cavity, the injury could have been fatal.   *Id.* at 165.

More than a year after the altercation, on December 27, 2001, petitioner was charged in a one-count indictment with assault with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. § 113(a)(3).  The indictment specifically charged that

> [o]n or about November 3, 2000, in the Central Facility at Lorton Reformatory...[petitioner] knowingly and with intent to do bodily harm, did assault one John Darrell with a dangerous weapon, specifically, an icepick or other similar sharp object known as a "shank."

*United States v. Spivey*, 1:01cr484 (E.D. Va. Dec. 27, 2001) (Indictment).  Although a warrant for petitioner's arrest was promptly issued following return of the indictment, the record reflects that petitioner was not arrested until March 19, 2003, in the Eastern District of Michigan.  Thereafter, following removal proceedings to the Eastern District of Virginia, petitioner appeared before a magistrate judge on April 2, 2003, and was detained pending trial.  Petitioner was later arraigned on the offense charged in the indictment on April 14, 2003, at which time a trial date was scheduled for May 27, 2003.

Three days after arraignment, on April 17, 2003, a superseding indictment was returned against petitioner charging him with the more serious offense of assault with intent to commit murder, in violation of 18 U.S.C. § 113(a)(1).  The superseding indictment specifically charged that

> [o]n or about November 3, 2000, at the Central Facility of the Lorton Reformatory...[petitioner] knowingly, unlawfully and with intent to commit murder assaulted John Darrell by stabbing him numerous times with a homemade knife otherwise known as a "shank."

*United States v. Spivey*, 1:01cr484 (E.D. Va. Apr. 17, 2003) (Superseding Indictment).  Following return of the superseding indictment, the original indictment charging petitioner with the less serious

offense of assault with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. § 113(a)(3), was dismissed. Petitioner was then arraigned on the superseding indictment on April 25, 2003, and the jury trial was eventually continued, on petitioner's motion, until July 8, 2003. *See United States v. Spivey*, 1:01cr484 (E.D. Va. May 14, 2003) (Order).

Both parties filed their proposed jury instructions on June 30, 2003. The government, in its submission, included substantive instructions not only for the offense charged in the superseding indictment — assault with intent to commit murder, in violation of 18 U.S.C. § 113(a)(1) — but also for the less serious offense of assault with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. § 113(a)(3).[2] Defendant's proposed jury instructions likewise requested

---

[2] Title 18 U.S.C. § 113 criminalizes and provides penalties for seven degrees of assault, specifically as follows:

> (a) Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:
> (1) Assault with intent to commit murder, by imprisonment for not more than twenty years.
> (2) Assault with intent to commit any felony, except murder or a felony under chapter 109A, by a fine under this title or imprisonment for not more than ten years, or both.
> (3) Assault with a dangerous weapon, with intent to do bodily harm, and without just cause or excuse, by a fine under this title or imprisonment for not more than ten years, or both.
> (4) Assault by striking, beating, or wounding, by a fine under this title or imprisonment for not more than six months, or both.
> (5) Simple assault, by a fine under this title or imprisonment for not more than six months, or both, or if the victim of the assault is an individual who has not attained the age of 16 years, by fine under this title or imprisonment for not more than 1 year, or both.
> (6) Assault resulting in serious bodily injury, by a fine under this title or imprisonment for not more than ten years, or both.
> (7) Assault resulting in substantial bodily injury to an individual who has not attained the age of 16 years, by fine under this title or imprisonment for not more than 5 years, or both.

substantive instructions for the actual charged offense, as well as for the less serious offenses of (i) assault with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. § 113(a)(3), (ii) assault by striking, beating or wounding, in violation of 18 U.S.C. § 113(a)(4), and (ii) assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6). Throughout the proceedings, both parties proceeded under the assumption that the less serious assault offenses set forth in § 113(a), including the offense of assault with a dangerous weapon with intent to do bodily harm, were lesser included offenses of the crime of assault with intent to commit murder — the offense charged against petitioner in the superseding indictment.

After the government's case-in-chief, counsel for the government and for petitioner were asked whether they had any corrections or objections to a packet of proposed jury instructions that had been provided to them in the course of the trial. These proposed instructions essentially adopted the parties' earlier submissions and thus included substantive instructions pertaining not only to the offense of assault with intent to commit murder, but also to the less serious crime of assault with a dangerous weapon with intent to do bodily harm, referred to therein as a "lesser included offense." With the exception of one minor objection not relevant here, neither party raised any objections or suggested any changes to the proposed jury instructions. *See* Trial Transcript, p. 195-96. Thus, at the conclusion of the trial, and by agreement of counsel, the jury was provided oral instructions with respect to two offenses, the first being the actual offense charged in the superseding indictment — assault with intent to commit murder, in violation of 18 U.S.C. § 113(a)(1) — and the second being

---

18 U.S.C. § 113(a). Thus, pursuant to statute, the maximum penalty applicable to the offense charged against petitioner in the superseding indictment — assault with intent to commit murder — is twenty years, while the maximum penalty applicable to the less serious offense of assault with a dangerous weapon with intent to do bodily harm is ten years. *See id.* at §§ 113(a)(1) and (a)(3).

the less serious, purported "lesser included" offense of assault with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. § 113(a)(3). At the conclusion of the instructions, counsel were summoned to the Bench and asked whether the jury had been fully and fairly instructed, at which time petitioner's trial counsel responded, unequivocally, "Yes, your honor." *See* Trial Transcript, p. 243. Counsel was also asked to review the proposed jury verdict form, which included sections for both the charged offense, as well as for the less serious offense of assault with a dangerous weapon with intent to do bodily ham. Petitioner, by counsel, again voiced no objection to the proposed verdict form. Accordingly, the verdict form was submitted to the jury with two sections, one for each of the two offenses explained in the instructions. The verdict form also specifically instructed the jury that "[i]n the event the jury finds the defendant not guilty of the charge in the indictment, assault with intent to commit murder, then the jury must proceed to consider the lessor [sic] included offense of assault with a dangerous weapon with intent to do bodily harm." *United States v. Spivey*, 1:01cr424 (E.D. Va. July 9, 2003) (Verdict Form).

On July 9, 2003, following two days of deliberation, the jury ultimately found petitioner not guilty of the offense charged in the superseding indictment — assault with intent to commit murder, in violation of 18 U.S.C. § 113(a)(1) — but guilty of the less serious crime of assault with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. § 113(a)(3). Thereafter, on September 26, 2003, defendant was sentenced on this lesser offense to 110 months imprisonment, to be followed by three years of supervised release.

Petitioner appealed his sentence and conviction for assault with a dangerous weapon with intent to do bodily harm to the Court of Appeals for the Fourth Circuit, arguing therein that the submission of this lesser crime to the jury constituted reversible error. Specifically, in his appeal,

petitioner, by newly appointed counsel,[3] argued that submission to the jury of an offense other than the offense charged in the indictment is only appropriate in cases where the indictment already charges and includes all of the elements of the second offense. In this regard, petitioner correctly noted that "use of a dangerous weapon" is not a required element of the crime of assault with intent to commit murder, in violation of 18 U.S.C. § 113(a)(1) — the offense charged against petitioner in the superseding indictment. It is, however, a necessary element of the lesser crime of assault with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. § 113(a)(3). Petitioner thus argued on appeal that because the offense of assault with a dangerous weapon with intent to do bodily harm is not, in fact, a lesser <u>included</u> offense of assault with intent to commit murder, it should not have been submitted to the jury in this case. Given this alleged error, petitioner argued on appeal that his conviction and sentence must be reversed.

In the course of the appeal proceedings before the Fourth Circuit, the government acknowledged the legal principle that lesser offense instructions are only permissible in cases where the indictment contains each and every element of the lesser offense.[4] The government also appropriately conceded that the offense of assault with a dangerous weapon with intent to do bodily harm is not technically a lesser included offense of the more serious crime of assault with intent to commit murder. The government nonetheless argued that petitioner's conviction need not be

---

[3] Prior to sentencing, petitioner moved *pro se* for the appointment of new counsel. Following argument on petitioner's motion in the course of the scheduled sentencing hearing, new counsel was appointed to represent petitioner for purposes of appeal. *See United States v. Spivey*, 1:01cr484 (E.D. Va. Sept. 26, 2003) (Oral Order).

[4] *See Schmuck v. United States*, 489 U.S. 705, 716 (1989) (adopting elements test where one offense is not necessarily included in another unless the elements of the lesser offense are a subset of the elements of the charged offense).

reversed because the error had been invited by petitioner, specifically by his counsel. The Fourth Circuit ultimately agreed with the government's argument in this regard, relying primarily on the legal principle that "[a] defendant in a criminal case cannot complain of error which he himself has invited." *United States v. Spivey*, 129 Fed. Appx. 856, 858 (4th Cir. 2005) (quoting *United States v. Herrera*, 23 F.3d 74, 75 (4th Cir. 1994)). In support of its conclusion that the acknowledged error had been invited in this instance, the Fourth Circuit noted, *inter alia*, that petitioner's trial counsel "confirmed on no fewer than three occasions during trial his support for the district court's instructions" and "affirmed that the jury had been fully and fairly instructed." *Id.* Thus, on the basis of the invited error doctrine, petitioner's conviction and sentence for assault with a dangerous weapon with intent to do bodily harm was affirmed by the Fourth Circuit. *Id.* at 860.[5] And, petitioner's subsequent petition to the Supreme Court for a writ of certiorari was denied. *See Spivey v. United States*, 126 S. Ct. 285 (2005).

Not surprisingly, the Fourth Circuit's rejection of petitioner's direct appeal was followed by the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.[6] Specifically, petitioner now collaterally attacks his conviction and sentence for assault with a dangerous weapon with intent to do bodily harm, arguing, *inter alia*, that his conviction must be vacated based on the ineffective assistance of his trial counsel in requesting and allowing this

---

[5] Petitioner also argued on appeal that his conviction should be reversed based on the alleged ineffective assistance of his trial counsel. The Fourth Circuit flatly rejected petitioner's ineffective assistance of counsel argument, noting only that "[t]he record does not conclusively demonstrate Spivey's allegations of ineffectiveness against his counsel" and that "[u]nless the record conclusively demonstrates counsel's ineffectiveness, this court will not review an ineffective assistance of counsel claim on direct review." *United States v. Spivey*, 129 Fed. Appx. at 860.

[6] The timeliness of petitioner's § 2255 motion is not in question, as the record reflects that it was filed within one year of the date the Supreme Court denied his petition for a writ of certiorari.

specific crime to be submitted to the jury.

## II.

It is well-settled that a two-prong test applies to ineffective assistance of counsel claims. *See Strickland v. Washington*, 466 U.S. 668, 688-89 (1984); *U.S. v. Lurz*, 666 F.2d 69, 78 (4th Cir. 1981). Specifically, a petitioner must show, first, that counsel's performance "fell below an objective standard of reasonableness," and second, that "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 688. That is, petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Moreover, to prevail on an ineffective assistance of counsel claim, petitioner must overcome the strong presumption that counsel rendered "adequate assistance and made all significant decisions in the exercise of reasonable judgment." *Id.* at 690.

These principles, applied here, compel the conclusion that petitioner is entitled to the relief requested in the instant § 2255 motion — namely, his conviction for assault with a dangerous weapon with intent to do bodily harm must be vacated. First, it is pellucidly clear — indeed acknowledged by government counsel as well as the Fourth Circuit — that the offense for which petitioner was convicted and sentenced is not, in fact, a lesser <u>included</u> offense of the offense charged against petitioner in the superseding indictment. It is equally clear that lesser offense instructions are only permissible in cases where, unlike here, the indictment charges each and every element of the lesser offense.[7] In the circumstances, therefore, petitioner's counsel's initial request and ultimate acquiescence in the submission of a non-included lesser offense to the jury "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Moreover, petitioner was

---

[7] *See Schmuck*, 489 U.S. at 716, *supra* n.4.

obviously prejudiced by counsel's performance in this regard, as the error resulted in a criminal conviction and lengthy sentence for an offense that should not have been submitted to the jury in the first place. *Strickland*, 466 U.S. at 688.[8] Indeed, presented here is one of those relatively rare cases where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.[9]

Accordingly, for the foregoing reasons,

It is hereby **ORDERED** that petitioner's motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, is **GRANTED**.[10]

---

[8] The government's arguments against a finding of prejudice are unpersuasive. For example, the government contends that petitioner is unable to establish prejudice because the submission to the jury of the lesser crime of assault with a dangerous weapon with intent to do bodily harm "reduced the odds that the jury would convict [petitioner] of a crime punishable by up to twenty years imprisonment," namely assault with the intent to commit murder, the offense charged against petitioner in the superseding indictment. Government's Brief, p. 3. Yet, the record makes clear that the jury did not believe the government had proven its case with respect to the actual charged offense. Indeed, the trial record includes a juror note, signed and dated by the foreperson at 7:12 p.m. on July 8, 2003, stating that "we the jury are not able to come to a unanimous verdict for the lesser charge. We are unanimous that the first charge is not guilty." *United States v. Spivey*, 1:01cr484 (E.D. Va. July 8, 2003) (Juror Note). Even more importantly, however, the government's argument in this regard completely ignores the fact that allowing the jury to deliberate and reach a verdict on an offense that was not, in fact, a lesser included offense of the charged offense was legally impermissible.

[9] It is important to note that the error on the part of petitioner's counsel appears to have been wholly inadvertent. Indeed, there is no evidence or basis in the record to support a finding that defense counsel engaged in any deliberate or intentional efforts to inject error into the record that might later be used as a basis for an ineffective assistance of counsel argument. If there were such evidence, the attorney involved would be subject to discipline and a different result might obtain with respect to the petition.

[10] Given the result reached here, it is unnecessary to reach petitioner's alternative ineffective assistance of counsel arguments, namely (i) that counsel was ineffective in failing to request a jury instruction as to the lesser-included offense of simple assault, (ii) that counsel was ineffective in failing to object to the government's late disclosure of Darrell's settlement of a related civil claim, and (iii) that counsel was ineffective in failing to keep petitioner apprised of the government's

It is further **ORDERED** that petitioner's July 9, 2003 conviction and resulting sentence for assault with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. § 113(a)(3), is hereby **VACATED**.[11]

Any appeal of this Order must be filed within sixty (60) days pursuant to Rules 3 and 4, Fed. R. App. P.

The Clerk is directed to send a copy of this Order to petitioner, the Bureau of Prisons, the Marshal's Service, the Probation Office and all counsel of record.

_____/s/_____
Alexandria, VA                                              T. S. Ellis, III
August 10, 2007                                             United States District Judge

---

evidence concerning a statement made by petitioner at an institutional adjustment hearing and to prevent unfair surprise to petitioner through the government's use of that prior statement at trial.

[11] It is somewhat ironic to note that the offense charged against petitioner in the <u>original</u> indictment was the precise offense that is herein being vacated as improperly submitted to the jury. In other words, had the government not secured a superseding indictment against petitioner charging him with the more serious charge of assault with intent to commit murder, but instead pursued the original charge against petitioner to the time of trial, the instant conviction and sentence for assault with a dangerous weapon with intent to do bodily harm would likely have been proper in all respects.